1

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9    Renie Varela Valencia,                )    No. CV 09-574-TUC-FRZ (HCE)
                                            )
10              Petitioner,                 )    **REPORT & RECOMMENDATION**
                                            )
11   vs.                                    )
                                            )
12                                          )
     Charles Ryan; et. al,                  )
13                                          )
                Respondents.                )
14                                          )
                                            )
     _____)
15

16

17          Pending before the Court is Petitioner's Amended Petition for Writ of Habeas Corpus

18   filed pursuant to 28 U.S.C. §2254 (Doc. 6). Pursuant to the Rules of Practice of this Court,

19   this matter was referred to the undersigned Magistrate Judge. For the following reasons, the

20   Magistrate Judge recommends that the District Court deny and dismiss Petitioner's

21   Amended Petition for Writ of Habeas Corpus.

22   **I.      FACTUAL & PROCEDURAL BACKGROUND**

23          A.      State Proceedings

24                  1.      Conviction

25          In 2006, after a jury trial, Petitioner was convicted of first-degree burglary and theft

26   by control, both class two felonies. (Answer (Doc. 15), p. 2 (*citing* Exh. A, ¶1); Answer Exh.

27   C, p. 2; Amended Petition, p.1). He was sentenced, as a repetitive offender, to concurrent,

28

presumptive prison terms, the longest of which is 15.75 years. (Answer, p. 2 (*citing* Exh. A, ¶1)).

The pertinent facts leading to Petitioner's conviction are that in January 2005, a Tucson residence was burglarized and many items were taken, including clothing the female resident had purchased the day before at a local department store. (Answer, Exh. A, p. 2). The police investigation led to Elizabeth Valencia, Petitioner's sister, who had possession of the clothing stolen in the burglary. (Answer, Exh. A, p. 3; Answer, Exh. B, p.2; Answer, Exh. C, p. 5 (indicating that Petitioner's sister returned the clothing taken during the burglary to the department store where they had been purchased)). The police matched Petitioner's DNA to DNA found on a cigarette butt discovered "under a pile of [the female resident's] belongings..." at the residence. (Answer, Exh. A, pp. 2-3). Neither resident smoked, nor did they have any guests in their home the day of the burglary. (*Id.* at p.2). At trial, the residents testified that they did not know Petitioner, nor had they given him permission to enter their home. (*Id.* at p.3).

### 2. Direct Appeal

Petitioner filed a direct appeal of his conviction and sentences claiming that: (1) the trial court erred by refusing to give his requested instruction on the legal significance of DNA evidence; and (2) the trial court violated his Sixth Amendment right to a jury trial and the prohibition against double jeopardy when it found he had prior felony convictions which qualified Petitioner for enhanced sentences. (Answer, p. 2 & Exh. A, pp. 3-4, 6-7). On February 26, 2007, the appellate court affirmed Petitioner's convictions and sentences. (Answer, p. 2 & Exh. A). Petitioner did not seek review by the Arizona Supreme Court. (Answer, p. 3 (*citing* Exh. D)).

### 3. Petition for Post-Conviction Relief

On March 20, 2006, before the appellate court issued its decision in Petitioner's direct appeal, Petitioner filed a Notice of Post-Conviction Relief in the trial court. (Answer, Exh. E). Thereafter, Petitioner, through counsel, filed his Petition for Post-Conviction Relief (hereinafter "PCR Petition") wherein Petitioner claimed that trial counsel had been

ineffective by failing to: (1) seek independent testing of the DNA evidence; (2) interview witnesses before trial; and (3) proffer a third-party-culpability defense. (Answer, Exh. F). The trial court found all three claims meritless under *Strickland v. Washington,* 466 U.S. 668 (1984) and denied relief. (Answer, Exh. B).

Petitioner, through counsel, sought appellate review of the trial court's denial of his PCR Petition on the following issues: (1) whether trial counsel was ineffective by failing to obtain independent testing of the DNA evidence; (2) whether trial counsel was ineffective by failing to interview witness; and (3) whether the trial court abused its discretion in denying Petitioner's request for an evidentiary hearing during the PCR proceeding. (Answer, Exh. G). The appellate court granted review but denied relief. (Answer, Exh. H). Petitioner sought review by the Arizona Supreme Court which was denied without comment. (Answer, Exh. J).

B. Petitioner's Federal Habeas Petition

Petitioner raises two grounds for relief in his Amended Habeas Petition. Petitioner's first ground for relief contains multiple claims that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to: (a) object to the trial court's failure to give a jury instruction regarding the gathering of evidence; (b) investigate alleged contamination of evidence; and (c) seek independent testing of DNA evidence. (Ground I sub-claims (a)-(c)). Petitioner also claims in Ground I that the trial court's refusal to hold an evidentiary hearing violated his right to due process under the Fourteenth Amendment. (Ground I sub-claim (d)). In his second ground for relief, Petitioner claims that his Fourteenth Amendment rights were violated when the trial court, instead of a jury, enhanced his sentence by determining the fact of Petitioner's prior convictions, (Ground II sub-claim (a)), and that this determination also violated the prohibition against double jeopardy. (Ground II sub-claim (b)). Petitioner also claims that someone else confessed to the crime for which Petitioner stands convicted and that his trial counsel failed to advance a third-party culpability defense. (Ground II sub-claim (c).

Respondents concede that the Amended Petition is timely filed.  (Answer, p. 4).
Respondents contend that the Amended Petition should be dismissed and denied because
many of Petitioner's claims are procedurally defaulted and those claims that are not
procedurally defaulted lack merit.  Petitioner did not file a reply to Respondents' Answer.

**II.    STANDARDS**

    A.    Exhaustion & Procedural Default

        1.    Exhaustion

A federal court may not grant a petition for writ of habeas corpus unless the petitioner
has exhausted the state court remedies available to him  28 U.S.C. § 2254(b); *Baldwin v.
Reese,* 541 U.S. 27(2004); *Castille v. Peoples,* 489 U.S. 346 (1989).  The exhaustion inquiry
focuses on the availability of state court remedies at the time the petition for writ of habeas
corpus is filed in federal court.  *See O'Sullivan v. Boerckel,* 526 U.S. 838 (1999).  Exhaustion
generally requires that a prisoner provide the state courts an opportunity to act on his claims
before he presents those claims to a federal court.  *Id.*  A petitioner has not exhausted a claim
for relief so long as the petitioner has a right under state law to raise the claim by available
procedure.  *See Id.*; 28 U.S.C. § 2254(c).

To meet the exhaustion requirement, the petitioner must have "'fairly present[ed]' his
claim in each appropriate state court...thereby alerting that court to the federal nature of the
claim."  *Baldwin,* 541 U.S. at 29; *see also Duncan v. Henry,* 513 U.S. 364, 365-66 (1995).
A petitioner fairly presents a claim to the state court by  describing the factual or legal bases
for that claim and by alerting the state court "to the fact that the...[petitioner is] asserting
claims under the United States Constitution." *Duncan,* 513 U.S. at 365-66. *See also Tamalini
v. Stewart*, 249 F.3d 895, 898 (9th Cir. 2001) (same).  Mere similarity between a claim raised
in state court and a claim in a federal habeas petition is insufficient.  *Duncan,* 513 U.S. at
365-66.

Furthermore,  to fairly present a claim, the petitioner "must give the state courts one
full opportunity to resolve any constitutional issues by invoking one complete round of the
State's established appellate review process."  *O'Sullivan,* 526  U.S. at 845.  Once a federal

claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. *See Picard v. Connor,* 404 U.S. 270, 275 (1971).  In habeas petitions, other than those concerning life sentences or capital cases, the claims of Arizona state prisoners are exhausted if they have been fairly presented to the Arizona Court of Appeals either on appeal of the conviction or through a collateral proceeding pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. *Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999), *cert. denied* 529 U.S. 1124 (2000).  Thus, "[a] petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum..., (2) through the proper vehicle..., and (3) by providing the proper factual and legal basis for the claim...." *Insyxiengmay v. Morgan,* 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

## 2.    Procedural Default

In some instances, a claim can be technically exhausted even though the state court did not address the merits.  This situation is referred to as "procedural bar" or "procedural default." *See Coleman v. Thompson,* 501 U.S. 722, 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").   A claim is procedurally defaulted if the state court declined to address the issue on the merits for procedural reasons such as waiver or preclusion. *Ylst v. Nunnemaker,* 501 U.S. 797, 802-05 (1991); *Franklin v. Johnson,* 290 F.3d 1223, 1230 (9th Cir. 2002). A higher court's subsequent summary denial reaffirms the lower court's application of a procedural bar. *Ylst,* 501 U.S. at 803.

Additionally, procedural default also occurs if the claim was not presented to the state court and it is clear the state court would now refuse to address the merits of the claim for procedural reasons. *Id.*  Thus, if a claim has never been presented to the state court, a federal habeas court may determine whether state remedies remain available.[1] *See Harris v. Reed,*

---

[1]The Ninth Circuit has suggested that, under Ariz.R.Crim.P. 32.2, there are exceptions to the rule that a district court can decide whether state remedies remain available for claims

489 U.S. 255, 263 n.9 (1989); *Franklin,* 290 F.3d at 1231. In Arizona, such a determination often involves consideration of Rule 32 *et seq.* of the Arizona Rules of Criminal Procedure governing post-conviction relief proceedings. For example, Ariz.R.Crim.P. 32.1 specifies when a petitioner may seek relief in post-conviction proceedings based on federal constitutional challenges to convictions or sentences. Under Rule 32.2, relief is barred, *inter alia,* on any claim which could have been raised on direct appeal or could have been raised in a prior Rule 32 petition for post-conviction relief, with the exception of certain claims[2] which were justifiably omitted from a prior petition. Ariz.R.Crim.P. 32.2. Moreover, a state post-conviction action is futile when it is time-barred. *Beaty,* 303 F.3d at 987; *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz.R.Crim.P. 32.4(a) as a basis for dismissal of Arizona petition for post-conviction relief, distinct from preclusion under Ariz.R.Crim.P. 32.2(a)).

Both of these instances of procedural default provide an independent and adequate state-law ground for the conviction and sentence and thus prevents federal habeas corpus review. Accordingly, the procedural default doctrine prevents state prisoners from obtaining federal review by allowing the time to run on available state remedies and then rushing to federal court seeking review. *Coleman,* 501 U.S. at 731-732.

---

that require a knowing, voluntary, and intelligent waiver. *See Cassett v. Stewart*, 406 F.3d 614 (9th Cir. 2005), *cert. denied,* 546 U.S. 1172 (2006). The issue of waiver must be affirmatively raised by the petitioner. *See Beaty v. Stewart,* 303 F.3d 975, 987 & n.5 (9th Cir. 2002), *cert denied,* 538 U.S. 1053 (2003).

[2]Such claims include: (1) that the petitioner is being held in custody after his sentence has expired; (2) certain circumstances where newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence; (3) the petitioner's failure to file a timely notice of post-conviction relief was without fault on his part; (4) there has been a significant change in the law that would probably overturn petitioner's conviction if applied to his case; and (5) the petitioner demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found petitioner guilty beyond a reasonable doubt. Ariz.R.Crim.P. 32.2(b) (*citing* Ariz.R.Crim.P. 32.1(d)-(h)).

A federal court may not consider a claim that is procedurally defaulted unless the petitioner demonstrates cause and prejudice to excuse the default, or demonstrates a fundamental miscarriage of justice would result. *Gray v. Netherland,* 518 U.S. 152, 161-162 (1996); *see also Murray v. Carrier,* 477 U.S. 478, 485-495 (1986); *Coleman,* 501 U.S. at 750; *Cook v. Schriro,* 538 F.3d 1000, 1028 (9th Cir. 2008) (*citing Schlup v. Delo,* 513 U.S. 298, 321 (1995)); *Franklin*, 290 F.3d at 1231. Generally, "cause" sufficient "to excuse a default exists if the petitioner 'can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Cook,* 538 F.3d at 1027 (*quoting Murray,* 477 U.S. at 488). Prejudice is defined as actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek,* 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982). If the petitioner fails to establish cause sufficient to excuse a procedural default, the court "need not consider whether he suffered actual prejudice." *Cook,* 538 F.3d at 1028 n.13.

To fall within the narrow class of cases that implicates a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence" which "can be shown when a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Sistrunk v. Armenakis,* 292 F.3d 669, 672-73 (9th Cir. 2002) (internal quotation marks and citations omitted). *See also Schlup,* 513 U.S. at 316. The Supreme Court has stated that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "'To be credible,...a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence–that was not presented at trial.'" *Cook,* 538 F.3d at 1028 (*quoting Schlup,* 513 U.S. at 324).

### 3.    Conclusion

In summary, failure to exhaust and procedural default/bar are different concepts. *Franklin*, 290 F.3d at 1230-1231. Under both doctrines, the federal court may be required to refuse to hear a habeas claim. *Id.* The difference between the two is that when a petitioner fails to exhaust, he may still be able to return to state court to present his claims there. *Id.* In contrast, "[w]hen a petitioner's claims are procedurally barred and a petitioner cannot show cause and prejudice for the default [or a fundamental miscarriage of justice]...the district court dismisses the petition because the petitioner has no further recourse in state court." *Id.* at 1231.

### B.    Review of habeas corpus claim on the merits

Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the Court may grant a writ of habeas corpus only if the state court proceeding:

>    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins* 546 U.S. 333 (2006).

Section 2254(d)(1) consists of two alternative tests, i.e., the "contrary to" test and the "unreasonable application" test. *See Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.

2003)(*citing Williams v. Taylor*, 529 U.S. 362, 413-14 (2000)). Additionally, a state court's decision is "'contrary to' Supreme Court case law if the state court 'applies a rule that contradicts the governing law set forth in' Supreme Court cases."[3] *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (*quoting Early v. Packer*, 537 U.S. 3, 8 (2002)). "Whether a state court's interpretation of federal law is *contrary* to Supreme Court authority...is a question of federal law as to which [the federal courts]...owe no deference to the state courts." *Cordova*, 346 F.3d at 929 (emphasis in original)(distinguishing deference owed under the "contrary to" test of section (d)(1) with that owed under the "unreasonable application" test).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle...but unreasonably applies that principle to the facts of the prisoner's case.'" *Van Lynn*, 347 F.3d at 738 (*quoting Clark*, 331 F.3d at 1067). Under the "unreasonable application clause...a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly....Rather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyear v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law...." *Cordova*, 346 F.3d at 929.[4]

---

[3] "[T]he *only* definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams*, 529 U.S. at 412...While circuit law may be 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark*, 331 F.3d at 1069 (emphasis in original).

[4] Section 2254(d) applies even where there has been a summary denial. *Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1402 (2011). In such circumstances, the petitioner can satisfy the "unreasonable application" prong of section 2254(d)(1) "only by showing that

Further, a federal habeas court can only look to the record before the state court in reviewing a state court decision under section 2254(d)(1). *Cullen*, __ U.S. at __, 131 S.Ct. at 1400 ("If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of §2254(d)(1) on the record that was before that state court.")(footnote omitted); *Holland v. Jackson*, 542 U.S. 649, 652 (2004)("[W]e have made clear that whether a state court's decision was unreasonable must be assessed in light of the record the court had before it.")(citations omitted).

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978: *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.), *cert. denied* 543 U.S. 1038 (2004)("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."). Section (d)(2) "applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence,...that the process employed by the state court is defective...or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citation omitted). In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues...[M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*. 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000)(emphasis in original).

---

'there was no reasonable basis for' the..." state court's decision. *Id.* (*quoting Harrington v. Richter,* 562 U.S. __, 131 S.Ct. 770, 784 (2011)).

Once the federal court is satisfied that the state court's fact-finding process was reasonable, or where the petitioner does not challenge such findings, "the state court's findings are dressed in a presumption of correctness, which then helps steel them against any challenge based on extrinsic evidence, *i.e.*, evidence presented for the first time in federal court."[5] *Taylor*, 366 F.3d at 1000: *see also* 28 U.S.C. §2254(c). Factual and credibility determinations by either state trial or appellate courts are imbued with a presumption of correctness. 28 U.S.C. §2254(e)(1); *Pollard v. Galaza*, 290 F.3d 1030, 1035 (9th Cir. 2002); *Bragg v. Galaza*, 242 F.3d 1082, 1078 (9th Cir. 2001), *amended* 253 F.3d 1150 (9th Cir. 2001). Furthermore, factual assertions made in support of properly exhausted claims in state court cannot be altered or expanded upon without permission of the federal habeas court. *See Baja v. Ducharme*, 187 F.3d 1075, 1079 (9th Cir. 1999).

Both section 2254(d)(1) and (d)(2) may apply where the petitioner raises issues of mixed questions of law and fact. Such questions "receive similarly mixed review; the state court's ultimate conclusion is reviewed under section 2254(d)(1), but its underlying factual findings supporting that conclusion are clothed with all of the deferential protection ordinarily afforded factual findings under §§ 2254(d)(2) and (e)(1)." *Lambert*, 393 F.3d at 978.

## III.    DISCUSSION

Respondents contend that Petitioner has exhausted only his: (1) Ground I claim that trial counsel was ineffective for failing to seek independent DNA testing; and (2) Ground II claims regarding the trial court's finding of the fact of his prior felony convictions. (Answer,

---

[5]Under the AEDPA "a determination of a factual issue made by a State court shall be presumed to be correct" and the presumption of correctness may be overcome only by clear and convincing evidence. 28 U.S.C. §2254(e)(1). The "AEDPA spells out what this presumption means: State-court fact-finding may be overturned based on new evidence presented for the first time in federal court only if such new evidence amounts to clear and convincing proof that the state-court finding is in error....Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once..." it is found that the state court reasonably determined the facts in light of the evidence presented in the state proceeding. *Taylor*, 366 F.3d at 1000.

p. 4). According to Respondents, all of Petitioner's other claims are procedurally defaulted and, thus, barred from federal habeas corpus review.

### A. Exhaustion and Procedural Default

#### 1. Petitioner's Ground I sub-claims (a) and (b)

Upon review of the record, the Court agrees with Respondents that Petitioner never raised in state court his present claims that trial counsel was ineffective for failing to: (a) object to the trial court's failure to give a jury instruction regarding the gathering of evidence; and (b) investigate alleged contamination of evidence. Therefore, Petitioner failed to fairly present his claim to the state court. Moreover, Petitioner's return to state court to raise such a claim would be futile given that the claim is precluded as waived under Ariz.R.Crim.P. 32.2(a)(3) because it was not presented on direct appeal or in Petitioner's PCR Petition. Further, presentation of such claim in a second post-conviction relief proceeding would be untimely under Ariz.R.Crim.P. 32.4. *See Beaty,* 303 F.3d at 987 (a state post-conviction action is futile when it is time-barred). Nor does the claim qualify for any of the timeliness exceptions. *See* Ariz.R.Crim.P. 32.1(d)-(h). Thus, any additional petition would be subject to summary dismissal. *See State v. Rosario,* 195 Ariz. 264, 266, 987 P.2d 226, 228 (App. 1999); *State v. Jones,* 182 Ariz. 432, 897 P.2d 734 (App. 1995); *Moreno v. Gonzalez,* 192 Ariz. 131, 135, 962 P.2d 205, 209 (1998) (timeliness is a separate inquiry from preclusion). Under such circumstances, the claim is procedurally defaulted.[6]

---

[6]Because this claim is procedurally defaulted pursuant to Rule 32.4(a), Ariz.R.Crim.P., this Court need not determine whether the claims are of "sufficient constitutional magnitude" to require a knowing, voluntary, and intelligent waiver such that the claims are precluded pursuant to *Cassett*. Moreover, the procedural timeliness bar of Rule 32.4(a), Ariz.R.Crim.P., is clear, consistently applied, and well established. *Powell v. Lambert*, 357 F.3d 871 (9th Cir.2004); see e.g., *Rosario*, 195 Ariz. 264, 987 P.2d 226 (where petitioner did not raise claims pursuant to Rule 32.1(d) through (g), the petition could be summarily dismissed if untimely); *Moreno*, 192 Ariz. 131, 962 P.2d 205 (timeliness provision of Rule 32.4(a) became effective September 20, 1992); *Jones*, 182 Ariz. at 434, 897 P.2d at 736 (Rule 32.4(a) was amended "to address potential abuse by defendants caused by the old rule's unlimited filing periods"); *see also Wagner v. Stewart,* 2008 WL 169639, *9 (D.Ariz. Jan. 16, 2008).

*Park v. California,* 202 F.3d 1146, 1150-51 (9th Cir. 2000) (federal habeas review is precluded where petitioner has not raised his claim in the state courts and the time for doing so has expired). Petitioner has not demonstrated cause and prejudice to excuse his procedural default. Nor has Petitioner presented any evidence that would sustain application of the "fundamental miscarriage of justice exception" to the procedural default rule. Consequently, Petitioner's Ground I sub-claims (a) and (b) are precluded from federal habeas review.

### 2. Ground I sub-claim (d)

Petitioner asserts that the "trial court abused its discretion in failing to grant me [a]n evidentiary hearing [sic] to deprive me a hearing would deny me due process of law." (Amended Petition, p. 6). Petitioner does not identify the proceeding, (*i.e.,* pre-trial, trial, or post-conviction relief) during which Petitioner contends he was denied an evidentiary hearing. Nor does Petitioner state the issue that would have been addressed at the hearing. Petitioner is "required to allege facts with sufficient specificity to support his claim for relief." *Wacht v. Cardwell*, 604 F.2d 1245, 1246 (9th Cir.1979)(footnote omitted). In the petition, he must "... specify all the grounds for relief which are available to [him]... and [s]hall set forth in summary form the facts supporting each of the grounds thus specified." *Id*. (citations omitted); *see also* Rule 2(c)(1), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must...state the facts supporting each ground[]" for relief.). Petitioner has failed to set forth sufficient facts upon which this Court can resolve such a claim. Additionally, to any extent that Petitioner alleges the trial court's denial of an evidentiary hearing prior to conviction constituted a due process violation, Petitioner has failed to present such a claim on direct appeal or during the PCR proceeding, and the claim is now procedurally defaulted for the same reasons that Petitioner's Ground I sub-claims (a) and (b) are defaulted. *See supra,* at III.A.1. Petitioner has not demonstrated cause and prejudice to excuse his procedural default on this issue. Nor has Petitioner presented any

evidence that would sustain application of the "fundamental miscarriage of justice exception" to the procedural default rule on this issue.

Further, to any extent that Petitioner's claim is directed to the trial court's denial of an evidentiary hearing during the PCR proceeding, it is well-settled that a habeas petition "alleging errors in the state-post conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman,* 877 F.2d 26 (9th Cir. 1989) (due process claim based on alleged delay by state court in resolving petitioner's petition for post-conviction relief is not cognizable through federal habeas corpus proceeding); *see also Gerlaugh v. Stewart,* 129 F.3d 1027, 1045 (9th Cir. 1997) (alleged errors concerning Arizona's post-conviction review process are not cognizable in federal habeas proceeding); *Carriger v. Stewart,* 95 F.3d 755, 762 (9th Cir. 1996) (same), *rev'd on other grounds,* 132 F.3d 463 (1997). Accordingly, Petitioner's Ground I sub-claim (d) should be dismissed as conclusory, and/or procedurally defaulted, and/or not cognizable for federal habeas relief.

### 3. Ground II sub-claim (c)

Petitioner claims that his trial counsel was ineffective for failing to advance a third-party culpability defense. (Amended Petition, p. 7). Petitioner raised this claim in his PCR Petition. (Answer, Exh. F). However, as Respondents correctly point out, Petitioner did not raise this issue in his Petition for Review of the trial court's denial of his PCR Petition. (*See* Answer, Exh. G). To properly exhaust this claim, Petitioner was required to present it to the Arizona Court of Appeals. *See Swoopes*, 196 F.3d at 1010. Therefore, Petitioner has failed to present the issue for one complete round of state court review. *See O'Sullivan,* 526 U.S. at 845 (to fairly present a claim, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Further, Arizona's statutory time limit for seeking appellate review of the trial court's denial of post-conviction review bars Petitioner from returning to state court now to seek appellate review. *See* Ariz.R.Crim.P. 32.4; 32.9(c)(requiring a petition for review to be filed within 30 days of the final decision of the trial court on a petition for post-conviction relief); *see also Perry v. Elliot,* 2008 WL 725012, *8 (D.Ariz.

Mar. 17, 2008) (petitioner's claim was procedurally defaulted because petition did not present claim to appellate court within time limit set by Ariz.R.Crim.P. 32.9). Although a procedural default may be overcome upon a showing of cause and prejudice or a fundamental miscarriage of justice, *see Coleman*, 501 U.S. at 750-51, Petitioner has not established that any exception to procedural default applies.

B.     Review of Petitioner's remaining claims on the merits

1.     Ground I sub-claim (c)

At trial, the police department's criminalist testified that DNA from the cigarette butt found at the residence matched DNA obtained from Petitioner. (Answer, Exh. A, p.3). Petitioner claims that his trial counsel's failure to requisition independent testing of the DNA evidence constituted ineffective assistance of counsel under the Sixth Amendment. Respondents concede that Petitioner exhausted this claim during the PCR proceeding.

a.     Standard

In *Strickland v. Washington*, 466 U.S. 668,687 (1984), the Supreme Court established a two-part test for evaluating ineffective assistance of counsel claims. To establish that his trial counsel was ineffective under *Strickland*, a petitioner must show: (1) that his trial counsel's performance was deficient; and (2) that trial counsel's deficient performance prejudiced petitioner's defense. *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998)(*citing Strickland*, 466 U.S. at 688, 694).

To establish deficient performance, Petitioner must show that "counsel made errors so serious...that counsel's representation fell below an objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-688. The relevant inquiry is not what defense counsel could have done, but rather whether the decisions made by defense counsel were reasonable. *Babbit v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998). In considering this factor, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690. The Ninth Circuit "h[as] explained that '[r]eview of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct

fell within the wide range of reasonable representation.'" *Ortiz*, 149 F.3d at 932 (*quoting Hensley v. Crist*, 67 F.3d 181, 184 (9th Cir. 1995)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Additionally, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct , and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

Even where trial counsel's performance is deficient, Petitioner must also establish prejudice in order to prevail on his ineffective assistance of counsel claim. To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Under the prejudice factor, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. "The likelihood of a different result must be substantial, not just conceivable." *Harrington,* 562 U.S. __, 131 S.Ct. at 792.  Further, because failure to make the required showing of either deficient performance or prejudice defeats the claim, the court need not address both factors where one is lacking. *Strickland,* 466 U.S. at 697-700.

It is well settled that "[c]onclusory allegations [of ineffective assistance of counsel] which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994); *see also Strickland*, 466 U.S. at 690 (a petitioner "making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment"); *Ortiz*, 149 F.3d at 933 (rejecting ineffective assistance of counsel claim where petitioner failed "to indicate how he was prejudiced by counsel's failure..." to conduct cross-examination on a specific issue); *United States v. Berry*, 814 F.2d 1406 (9th Cir. 1987)(defendant was not denied effective assistance of counsel for failure to call out-of-state witnesses absent indication of

what witnesses would have testified to or how their testimony would have changed the outcome of proceeding.); *Cranford v. Sumner*, 672 F.Supp. 453, 457 (D.Nev. 1987)("Aside from the bald allegation that his attorney should have raised this claim but did not, the petitioner has failed to demonstrate how his attorney's performance fell below the reasonable level of professional competence required by *Strickland*.").

It is also well-established that a defendant has the ultimate authority to make fundamental decisions regarding whether to plead guilty, waive a jury trial, testify in his or her own behalf, or take an appeal. *Wainwright v. Sykes*, 433 U.S. 72, 93 n. 1 (1977)(Burger, C.J. concurring). However:

> [no decision of the Supreme Court] suggests,...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

*Jones v. Barnes*, 463 U.S. 745, 751 (1983). To require otherwise would "seriously undermine[] the ability of counsel to present the client's case in accord with counsel's professional evaluation." *Id.* The professional judgment and evaluation every defendant is entitled to is an examination of the record, research of the law, and the marshaling of arguments on behalf of the defendant. *Douglas v. California*, 372 U.S. 353, 358 (1963).

Additionally, under the AEDPA, the federal court's review of the state court's decision is subject to another level of deference. *Bell v. Cone*, 535 U.S. 685, 689-699 (2002). In order to merit habeas relief, therefore, Petitioner must make the additional showing that the state court's ruling rejecting an ineffective assistance of counsel claim constituted an unreasonable application of *Strickland*. *See* 28 U.S.C. §2254(d)(1); *see also Cullen,* __ U.S. __, 131 S.Ct. at 1403 (federal habeas court's review of state court's decision on ineffective assistance of counsel claim is "doubly deferential."); *Harrington,* 562 U.S. at __, 131 S.Ct. at 788 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is

any reasonable argument that counsel satisfied *Strickland's* deferential standard."); *West v. Schriro*, 2007 WL 4240859, *7 (D.Ariz. Nov. 29, 2007).

### b. The state court proceeding

Petitioner raised this issue during his PCR proceeding. In it's decision, the trial court recognized that:

> A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced his case.

(Answer, Exh. B, p. 1). Applying the *Strickland* standard, the trial court denied Petitioner's PCR Petition on this ground as follows:

> By way of background, two things tied the defendant to the burglary scene. His DNA was found on a cigarette butt, and his sister had possession of clothing stolen in the burglary. He asserts that his trial counsel should have arranged an independent DNA test.
>
> The State arranged to have the DNA evidence reanalyzed on April 25, 2008 with the same results as presented at trial. The defendant's petition is silent on whether the defendant's Rule 32 counsel arranged for an independent test. Nor does the petition suggest any reason to believe that an independent examination would have produced an outcome more favorable to the defense. Thus, the defendant has not presented a colorable claim that he has been prejudiced by his trial counsel's purported failure. Relief is denied on this claim.

(*Id.* at p.2). The trial court also noted that trial counsel "was well prepared and effectively cross-examined the witnesses [including the State's DNA expert] against the defendant." (*Id.*).

Petitioner sought appellate review of the trial court's decision. The appellate court affirmed the trial court as follows in pertinent part:

> Even assuming, arguendo, counsel's omissions constituted deficient performance, the trial court did not abuse its discretion by finding lack of prejudice. "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance claim." *State v. Bennett,* 213 Ariz. 562, ¶21, 146 P.3d 63, 68 (2006). Valencia failed to explain how counsel's failure to interview the available witnesses negatively affected his defense, and the court specifically noted its memory that "defense counsel was well prepared and effectively cross-examined the witnesses." Valencia also failed to show that additional DNA testing would have yielded different or more favorable results than those presented at trial.

To the extent Valencia suggests prejudice should be presumed in this case, we disagree. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *United States v. Cronic,* 466 U.S. 648, 659 (1984). But an "'attorney's failure must be *complete*'" in order for prejudice to be presumed. *State v. Glassel,* 211 Ariz. 33, ¶63, 116 P.3d 1193, 1211 (2005) *quoting Bell v. Cone,* 535 U.S. 685, 697 (2002) (emphasis in *Glassel*). This was not the case here.

(Answer, Exh. H, pp. 2-3)(emphasis in original).

Because the Arizona Supreme Court denied review without comment of the appellate court's decision (Answer, Exh. J), the decision from the Arizona Court of Appeals is the last-reasoned state court decision in this matter.

c.    Analysis

The state court, in applying *Strickland,* applied the correct law to the issue. *See Dows v. Wood,* 211 F.3d 480, 484-85 (9th Cir. 2000) (*Strickland* "is considered in this circuit to be []clearly established Federal law, as determined by the Supreme Court of the United States[] for purposes of 28 U.S.C. § 2254(d) review."). In applying *Strickland,* the state court determined that defense counsel's performance was not ineffective.

The state appellate court held that "[e]ven assuming, arguendo, counsel's omission constituted deficient performance...", Petitioner, nonetheless, failed to satisfy *Strickland*'s prejudice requirement. (Answer, Exh. H, p.3). There is no question that, in certain circumstances, defense counsel's failure to conduct an adequate investigation can constitute ineffective assistance of counsel. *See Strickland,* 466 U.S. at 690-91. However, speculation about what evidence could have been produced by further investigation will not support a *Strickland* claim. *See Ortiz*, 149 F.3d at 933 (rejecting ineffective assistance of counsel claim where petitioner failed "to indicate how he was prejudiced by counsel's failure..." to conduct cross-examination on a specific issue); *Berry*, 814 F.2d 1406 (9th Cir. 1987)(defendant was not denied effective assistance of counsel for failure to call out-of-state witnesses absent indication of what witnesses would have testified to or how their testimony would have changed the outcome of proceeding). The record reflects that results of the State's re-test of the DNA evidence during the PCR proceeding were consistent with that presented at trial.

Petitioner fails to identify what additional evidence independent DNA testing would have produced. Nor does Petitioner proffer any credible basis for questioning the veracity of the prosecution's DNA analysis. There simply is no basis for finding that an independent DNA test would have been more beneficial to Petitioner's position. Consequently, the state court's conclusion that Petitioner failed to establish prejudice under *Strickland* was neither contrary to, nor an unreasonable application of *Strickland. See id.*; *see also Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir. 1997) ("Speculation about what an expert could have said is not enough to establish prejudice[]" under *Strickland*). Further, there is no showing on the instant record that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim fails on the merits.

### 2. Ground II sub-claims (a) and (b)

Petitioner claims that the trial court's finding concerning his prior felony convictions violated his right to a jury trial and the prohibition against double jeopardy. Respondents concede that Petitioner exhausted "his Sixth Amendment claim regarding the trial court's finding the fact of his prior convictions." (Answer, p. 4). Respondents do not address Petitioner's double jeopardy claim. The record is clear that Petitioner raised the double jeopardy issue on direct appeal, thus, the claim is exhausted. (*See* Answer, Exh. A, pp. 6-7).

### a. The state court proceeding

In resolving Petitioner's direct appeal regarding the trial court's finding of Petitioner's prior felony convictions during sentencing, the appellate court stated:

> Valencia next argues the trial court violated his constitutional right to a jury trial when it found he had prior felony convictions that qualified him for enhanced sentences. He also contends the trial court violated his right to be free from double jeopardy by imposing an enhanced sentence based on that finding because it was made after the court had dismissed the jury. As Valencia acknowledges, both of these arguments have been presented to us in a previous case, and we have rejected them. *State v. Keith,* 211 Ariz. 436, ¶¶3, 7, 122 P.3d 229, 230, 231 (App. 2005). We again reject them for the reasons we articulated there.

(Answer, Exh. A, pp. 6-7).  The appellate decision is the last-reasoned state court decision on this issue.

### b.    Analysis

Petitioner takes issue with the fact that the trial court, and not a jury, determined the fact of Petitioner's prior felony convictions which, in turn, qualified him for enhanced sentences.

### (1.)    Sixth Amendment claim

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a jury. This right continues through the sentencing process, *i.e.*, a defendant has the right to demand that a jury find the existence of any specific fact that the law makes essential to his punishment. *Blakely v. Washington*, 542 U.S. 296, 301 (2004). The U.S. Supreme Court has held that:

> *Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)(emphasis added).  Accordingly, the U.S. Supreme Court has made clear that the aggravating factor of a prior conviction is exempt from the Sixth Amendment's jury trial requirement. *Id.; Blakely*, 542 U.S. at 301.

In rejecting Petitioner's direct appeal on this issue, the appellate court adopted the reasoning set out in another Arizona case, *State v. Keith,* 211 Ariz. 436, 122 P.2d 229 (App. 2005). (Answer, Exh. A, pp. 6-7).  In *Keith,* the defendant, like Petitioner herein, argued that for sentencing enhancement purposes, "the fact of a prior conviction must be submitted to a jury and found beyond a reasonable doubt."  *Keith,* 211 Ariz. at 437, 122 P.2d at 230.  In denying this claim, the Arizona Court held that "*Apprendi* expressly exempts prior convictions from the requirement of a jury trial: 'Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Id.* (*quoting Apprendi,* 530 U.S. at 490) (citations omitted).

The *Keith* court correctly recognized that under United States Supreme Court case law, the aggravating factor of a prior conviction is exempt from the Sixth Amendment's jury trial requirement. In Petitioner's case, the appellate court followed *Keith*'s application of the U.S. Supreme Court's decision in *Apprendi* to deny Petitioner's claim. There is no question that Petitioner's claim is foreclosed by *Apprendi*. Therefore, the state court's decision in Petitioner's case is neither contrary to, nor an unreasonable application, of clearly established federal law as determined by the United States Supreme Court. Further, there is no showing on the instant record that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim fails on the merits.

### (2.) Double jeopardy claim

Petitioner claims that the "prior convictions finding made after the trial jury had been dismissed violated the prohibition against double jeopardy." (Amended Petition, p. 7). The appellate court adopted the reasoning in *Keith* to deny Petitioner's double jeopardy claim. (Answer, Exh. A, pp. 6-7). In rejecting a similar claim, the *Keith* court relied on the United States Supreme Court's ruling in *Monge v. California,* 524 U.S. 721, 728-729 (1998) "which excepts noncapital sentencing proceedings from double jeopardy clause protection...." *Keith,* 211 Ariz. at 437, 122 P. 3d. at 230. The *Keith* court went on to hold that because the defendant "had no right to a jury trial on his prior convictions...the dismissal of the jury was irrelevant to any double jeopardy issue." *Id.* The *Keith* court also stated: "Because the Supreme Court has excepted prior convictions from inclusion as elements of the offense under *Apprendi*, we see nothing in *Apprendi* or *Blakely* that disapproves of this bifurcated approach approved in *Almendarez–Torres*[7] under which the existence of prior convictions is determined after conviction." *Id.* at 437-438, 122 P.3d at 230-231.

The U.S. Supreme Court has held that the Double Jeopardy Clause of the Fifth Amendment "protects against successive prosecutions for the same offense after acquittal or

---

[7]*Almendarez–Torres v. United States*, 523 U.S. 224(1998).

- 22 -

conviction and against multiple criminal punishments for the same offense." *Monge,* 524 U.S. at 728 (citations omitted). The Supreme Court has also generally found "double jeopardy protections inapplicable to sentencing proceedings...because the determinations at issue do not place a defendant in jeopardy for an 'offense'....Nor have sentence enhancements been construed as additional punishment for the previous offense...." *Id.* (citations omitted). Thus,

> [a]n enhanced sentence imposed on a persistent offender..."is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes" but as "a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one."

*Id.* (*quoting Gryger v. Burke,* 334 U.S. 728, 732 (1948)); *see also Witte v. United States,* 515 U.S. 389, 400 (1995)(recidivist statutes do not violate the prohibition against double jeopardy). Therefore, double jeopardy protections are inapplicable to Petitioner's challenged sentencing enhancement. *See id.*; *see also Escalera v. Almager,* 2009 WL 735199, *6 (E.D. Cal. Mar. 19, 2009) (use of petitioner's prior conviction to enhance his current sentence did not place petitioner in double jeopardy); *Guzman v. Ryan,* 2009 WL 1066239, *17 (D.Ariz. April 21, 2009) ("use of a prior conviction to enhance a sentence is not a double jeopardy violation."). Accordingly, the state court's rejection of Petitioner's double jeopardy claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Further, there is no showing on the instant record that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner's claim fails on the merits.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's claims that have been exhausted should be denied on the merits. Petitioner's remaining claims are either procedurally defaulted or not cognizable for federal habeas review.

## V.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss and deny Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. 6) as follows:

(1)    Ground 1 sub-claim (a) that trial counsel was ineffective for failing to object to the trial court's failure to give a jury instruction regarding the gathering of evidence should be dismissed as procedurally defaulted;

(2)    Ground I sub-claim (b) that trial counsel was ineffective for failing to investigate alleged contamination evidence should be dismissed as procedurally defaulted;

(3)    Petitioner's Ground I sub-claim (c) that trial counsel was ineffective for failing to conduct independent testing of the DNA evidence should be denied on the merits;

(4)    Petitioner's Ground I sub-claim (d) that the trial court violated his right to due process when it declined to hold an evidentiary hearing should be dismissed as conclusory, or alternatively as procedurally defaulted, or alternatively as not cognizable for federal habeas relief;

(5)    Petitioner's Ground II sub-claims (a) and (b) regarding the trial court's finding of Petitioner's prior felony convictions should be denied on the merits; and

(6)    Petitioner's Ground II sub-claim (c) that trial counsel was ineffective for failing to advance a third-party culpability defense should be dismissed as procedurally defaulted.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P.

72(b)(2). If objections are filed, the parties should use the following case number: **CV 09-574-TUC-FRZ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 6th day of January, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge